1   Mark A. Neubauer (73728)
    mneubauer@cfjblaw.com
2   CARLTON FIELDS JORDEN BURT, LLP
    2029 Century Park East, Suite 2000
3   Los Angeles, CA 90067-2901
    Telephone: (310) 651-2147
4   Facsimile: (424) 653-5105

5
    Michael A. Valerio (Appl. *Pro Hac Vice* Pending)
6   mvalerio@cfjblaw.com
    CARLTON FIELDS JORDEN BURT
7   One State Street, Suite 1800
    Hartford, CT 06103-3112
8   Telephone: (860) 392-5046
    Facsimile: (860) 392-5058
9

10  Attorneys for Defendant Allianz Life
    Insurance Company of North America
11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14          **LA CV14 06609— PSG-(VBK)**

15  WILLIAM G. BUSSEN, an individual,    | Case No.

16          Plaintiff,

17          vs.                          | **NOTICE OF REMOVAL OF CIVIL
                                         | ACTION TO FEDERAL COURT**
18

19  WESTPARK CAPITAL FINANCIAL
    SERVICES, LLC, a California Limited
20  Liability Company; ALLIANZ LIFE
    INSURANCE COMPANY OF NORTH
21  AMERICA, a Minnesota Corporation;
    and DOES 1 through 100, inclusive,
22

23          Defendants.

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF WILLIAM G. BUSSEN, AND HIS COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that Defendant Allianz Life Insurance Company of North America ("Allianz") hereby removes to this Court the State Court action described herein and avers as follows:

      1. On or about July 18, 2014, Plaintiff William G. Bussen ("Bussen") commenced an action against Allianz in the Superior Court of the State of California for the County of Los Angeles entitled *William G. Bussen v. Westpark Capital Financial Services, LLC, et al.,* Case No. BC 552000 ("State Court Action"). True and correct copies of the Summons and Complaint in the State Court Action are attached hereto as part of Exhibit 1.

      2. Plaintiff William G. Bussen, as alleged in the Complaint, is a resident of the State of Missouri. Defendant Allianz is a Minnesota corporation with its principal place of business in Golden Valley, Minnesota, and Allianz is informed and believes and alleges thereon that Defendant Westpark Capital Financial Services, LLC is a California limited liability company with its principal place of business in Los Angeles, California.

      3. On or about July 24, 2014, Allianz's registered agent for service of process was personally served by Bussen with a copy of the Summons and Complaint in the State Court Action.

      4. This Notice of Removal is filed within less than thirty (30) days from the time Allianz first had notice, through service or otherwise, of the initial pleadings setting forth Bussen's claims for relief, and therefore is within the time provided by law.

      5. To the best of Allianz's knowledge, no further proceedings have taken place in the State Court Action other than the filing of the Summons and Complaint. All of the process, pleadings and orders served upon or received by Allianz in this case are attached as Exhibit 1 to this Notice.

1

36195393.2

6. Allianz is informed and believes and alleges thereon that no Defendant other than Allianz has yet been served with the Summons and Complaint in the State Court Action.   While a proof of service on Allianz has been filed in the State Court Action, no such proof of service on any other Defendant has been filed in the  State Court Action as of the date of this removal.  A true and correct copy of that Proof of Service on Allianz and the State Court Action computerized docket is attached collectively as Exhibit 2.

7. The State Court Action is, based on the following facts, a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331, 1367, and 1441(a):

> Bussen alleges in his Complaint a claim arising under the laws of the United States, specifically a claim for alleged fraud in connection with the purchase or sale of securities under Section 10(b) of the Exchange Act of 1934 and Rule 10(b)-(5) thereunder, specifically alleging that Defendants supposedly offered and sold a purported security by means of both written and oral communications which allegedly included untrue statements of material fact and allegedly omitted to state facts necessary in order to make the statements, in light of the circumstances under which they were made, purportedly not misleading. (Complaint, Fifth Cause of Action)

///
///
///
///
///

8.  Pursuant to the requirements of 28 U.S.C. Section 1446(d), Allianz will promptly serve notice of the filing of this Notice of Removal to Bussen through his counsel of record and will promptly file with the Clerk of the State Court a copy of the Notice of Removal.

Dated:  August 21, 2014

CARLTON FIELDS JORDEN BURT, LLP
MARK A. NEUBAUER
MICHAEL A. VALERIO

By: _____
MARK A. NEUBAUER
Attorneys for Defendant Allianz Life
Insurance Company of North America

3

36195393.2

EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WESTPARK CAPITAL FINANCIAL SERVICES, LLC, a California
Limited Liability Company;[additional parties attachment form attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WILLIAM G. BUSSEN, an individual.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 18 2014

Sherri R. Carter, Executive Officer/Clerk
By Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk - Central District<br><br>111 North Hill Street<br>Los Angeles, CA  90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 552000** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
  Andrew B. Holmes, 801 South Figueroa Street, Suite 2170, Los Angeles, CA  90017     Tel.: (213) 985-2200

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | SHERRI R. CARTER Clerk, by<br>*(Secretario)* | Judi Lara | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 18 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Allianz Life Insurance Company of North America
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* July 24, 2014, 10:00am

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT 1                          4

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| William G. Bussen v. WestPark Financial Services, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota Corporation; and DOES 1 through 100, inclusive.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT 1                                    5



1   **HOLMES, TAYLOR & JONES LLP**
    Andrew B. Holmes (SBN: 185401)
2   abholmes@htjlaw.com
    801 South Figueroa Street, Suite 2170
3   Los Angeles, California 90017
    Tel: (213) 985-2200
4   Fax: (213) 973-6282

5   Attorneys for Plaintiff William G. Bussen

6

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUL 18 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

7       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8              **COUNTY OF LOS ANGELES**

9

10   WILLIAM G. BUSSEN, an individual,

11           Plaintiff,

      vs.

12

13   WESTPARK CAPITAL FINANCIAL
    SERVICES, LLC, a California Limited
14   Liability Company; ALLIANZ LIFE
    INSURANCE COMPANY OF NORTH
15   AMERICA, a Minnesota Corporation; and
    DOES 1 through 100, inclusive,

16          Defendants.

17

18

Case No.    **BC 552000**

**COMPLAINT FOR:**
   (1) **BREACH OF FIDUCIARY DUTY;**
   (2) **NEGLIGENCE;**
   (3) **NEGLIGENT MISREPRESENTATION;**
   (4) **FRAUD AND INTENTIONAL MISREPRESENTATION;**
   (5) **FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**
   (6) **BREACH OF CONTRACT;**
   (7) **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**
   (8) **UNFAIR BUSINESS PRACTICES IN VIOLATION OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE;**
   (9) **CONVERSION; and**
   (10) **VIOLATION OF CALIFORNIA PENAL CODE § 496.**

**JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

COMPLAINT

EXHIBIT 1            6

PLAINTIFF WILLIAM G. BUSSEN, an individual, hereby alleges as follows:

## NATURE OF CLAIM

1.     This is a complaint for breach of fiduciary duty, negligence, negligent misrepresentation, fraud and intentional misrepresentation, fraud in connection with the purchase or sale of securities, breach of contract, breach of the covenant of good faith and fair dealing, unfair business practices in violation of § 17200 of the California Business and Professions Code, conversion, and violation of California Penal Code § 496 and related claims arising out of Westpark Capital Financial Services, LLC's various actions and inactions surrounding the purchase of an annuity by Plaintiff.

## PARTIES AND VENUE

2.     Plaintiff WILLIAM G. BUSSEN is an individual residing in Branson, Missouri.

3.     Upon information and belief, defendant WESTPARK CAPITAL FINANCIAL SERVICES, LLC (hereafter "WESTPARK") is a California Limited Liability Company with its principal place of business in Los Angeles, California.

4.     Upon information and belief, defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA (hereafter "ALLIANZ") is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota.

5.     Plaintiff is unaware of the identities of those defendants sued as DOES 1 through 100, and accordingly sues these defendants under such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named defendants, in some manner, proximately caused the damages alleged herein. Plaintiff will seek leave of this Court to amend this Complaint to identify these defendants once their identities are ascertained.

6.     Plaintiff is informed and believes, and thereon alleges, that in committing the acts herein alleged, defendants, and each of them, were acting as the agents, servants and employees of every other defendant, and were acting in the course and scope of such agency,

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-1-

COMPLAINT

EXHIBIT 1                                        7

1    service, or employment.  Plaintiff is further informed and believes, and thereon alleges, that

2    defendants, and each of them, authorized and ratified the acts of every other defendant.

3        7.     Venue in this judicial district is proper because aspects of the contract were to

4    be or were performed in this district, and the tortious actions occurred in this district.

5                            **GENERAL ALLEGATIONS**

6        8.     At the time of the investment described herein, Plaintiff was a local supervisor

7    for Valor Telecom.  He relies on others to do his investing for him.  He is an unsophisticated

8    investor, and at the time of the events relevant hereto, had little or no understanding of

9    securities, necessary disclosures, or the rules, regulations and statutes that govern the

10    purchase and sale of securities.

11        9.     Upon information and belief, at all relevant times hereto, Dana W. Philpot

12    (hereafter "Philpot") was a registered representative of WESTPARK.  On information and

13    belief, Philpot also uses the name "Dan Philpot."  At all times relevant hereto, Philpot was

14    an agent of WESTPARK.

15        10.     Upon information and belief, at all relevant times hereto, Philpot was an

16    insurance agent licensed by the state of New Mexico (License # 0E88114), and was an

17    appointed agent of ALLIANZ.  As such, at all times relevant hereto, Philpot was also an

18    agent of ALLIANZ.

19        11.     Defendants, by and through Philpot, discussed the purchase of an Allianz

20    Rewards annuity with Plaintiff in or about March of 2006.  During the course of these

21    discussions, Plaintiff informed Defendants that he had lost about half of the approximately

22    $1,000,000 he had had invested with Smith Barney following 9/11, and he wanted an

23    investment that would assure him a retirement nest egg and could not drop to zero.

24        12.     Further, Plaintiff explained to Defendants that he wanted to retire early, and

25    would only make this investment if he could withdraw enough money to live on, thereby

26    allowing him to retire.  Defendants assured Plaintiff that because of the 7% guarantee in the

27    annuity, Plaintiff could retire.

28

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-2-

COMPLAINT

13.     But for Defendant's representations, Plaintiff would have continued working and saving towards a larger nest-egg to provide him with an income sufficient to support his retirement income needs.

14.     Plaintiff in fact relied on Defendant's false promises, retired early, and became unable to earn income as a result.

15.     While Defendants, by and through Philpot, provided a prospectus for an Allianz Rewards annuity, Plaintiff did not understand the prospectus, and therefore asked Defendants, by and through Philpot, for an explanation of the annuity.

16.     Defendants made the following written representations via email to Plaintiff on March 28, 2006 at 10:14 a.m.:

- The annuity would allow for 9% annual withdrawals;

- The annuity would have a balance of between $387,000 ("Worst Case" "pushing the extreme") and $548,000 ("Best Case" "conservative estimate") at the end of the tenth policy year even with the 9% annual withdrawals.

A true and correct copy of this email is attached hereto as **Exhibit A**.

17.     Plaintiff also understood from Defendants (through Philpot), as confirmed by the e-mail, that the ending value could be annuitized or could be left in place with the guarantees remaining viable.

18.     As a result of and in reliance on the explicit representations of Defendants, Plaintiff paid $448,062.35 for Allianz Rewards annuity Contract #DA026630 ("annuity") on or about April 19, 2006, and Defendants, through Philpot, set up a monthly withdrawal program of $3,750 ($45,000 per year) so that Plaintiff could retire early and live off his annuity.

19.     Defendants, through Philpot, acting as a discretionary investment advisor, directed the investments within the annuity, without consulting Plaintiff, pursuant to an authorization for him to do so that is right on the application (See application at number 8; a true and correct copy of the application is attached hereto as **Exhibit B**).  Aside from this, Plaintiff never signed authorizations or gave investment instructions.  Plaintiff was relying

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

COMPLAINT

EXHIBIT 1                    9

1   entirely on Defendants to obtain the promised returns.  On information and belief,

2   Defendants (through Philpot) changed the investment program within a couple of months of

3   opening the annuity.

4          20.     At some point prior to the purchase of the annuity, Defendants (through

5   Philpot) told Plaintiff that the investments did not matter so much because of the guaranty,

6   and that the only effect of the investments would be to improve upon the 7% guaranteed

7   return.

8          21.     Plaintiff turned 62 years old in 2012, and as a result emailed questions to

9   Defendants, by and through Philpot, on December 11, 2012 regarding whether to take his

10  social security at that time.  Such a decision depended on verification that the promised

11  contract value would be there at the end of the tenth policy year in 2016.

12         22.     Plaintiff had a very difficult time getting Philpot to respond to him, but finally

13  spoke with Philpot in early 2013.  Philpot told Plaintiff to take his social security because the

14  annuity value could drop to zero.  This was the first time Plaintiff learned that the annuity

15  might not perform according to the written "Best Case" and "Worst Case" guarantees

16  provided by Defendants (through Philpot).  When Plaintiff asked about the 7% contractual

17  guarantee, Philpot said he would have to get back to him, but never did.

18         23.     Since then, Plaintiff has made multiple requests for the back-up relied on by

19  Defendants' agent Philpot for the March 28, 2006 email, but has never received anything.

20         24.     Contrary to the statements made to Plaintiff by Defendants (through Philpot),

21  under no circumstances was the balance specifically stated in Philpot's email available for

22  withdrawal at the end of 10 years.

23         25.     Notwithstanding Defendants' representations and guarantees, Plaintiff's

24  annuity has a value (as of June 30, 2014) of $130,357.70.  (A true and correct copy of the

25  Allianz Rewards account statement reflecting this value is attached hereto as **Exhibit C**.)

26         26.     As a result of Defendants' actions, Plaintiff is fearful for his and his family's

27  well-being as a result of discovering that they will not have sufficient funds to provide for

28  them during their retirement.

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-4-

COMPLAINT

EXHIBIT 1                    10

## APPLICABLE FINRA RULES

27.     FINRA Rule 2010 is entitled "Standards of Commercial Honor and Principles of Trade" and states:  "A member, in the conduct of its business, shall observe high standards of commercial honor and just and equitable principles of trade."

28.     As a result of Defendants' actions, as described above, Defendants violated this FINRA Rule 2010.

29.     FINRA Rule 2020, entitled "Use of Manipulative, Deceptive or Other Fraudulent Devices" states:  "No member shall effect any transaction in, or induce the purchase or sale of, any security by means of any manipulative, deceptive or other fraudulent device or contrivance."

30.     Defendant's oral and written statements were made in order to cause Plaintiff to invest.  As described above, those statements were manipulative and/or deceptive, and therefore violate FINRA Rule 2020.

31.     FINRA Rule 2111, entitled "Suitability," states:

(a) A member or an associated person must have a reasonable basis to believe that a recommended transaction or investment strategy involving a security or securities is suitable for the customer, based on the information obtained through the reasonable diligence of the member or associated person to ascertain the customer's investment profile. A customer's investment profile includes, but is not limited to, the customer's age, other investments, financial situation and needs, tax status, investment objectives, investment experience, investment time horizon, liquidity needs, risk tolerance, and any other information the customer may disclose to the member or associated person in connection with such recommendation.

32.     As a result of the actual performance and limitations of the annuity sold to Plaintiff, and in light of the investment objectives Plaintiff specifically stated to Defendants (through Philpot), the annuity was an unsuitable investment.

33.     FINRA Rule 2210, entitled "Communications with the Public" states, in relevant part:

(d) Content Standards
    (1) General Standards
        (A) All member communications must be based on principles of fair dealing and good faith, must be fair and balanced, and must provide a sound basis for evaluating the facts in regard to any particular security or type of security, industry, or service. No member may omit any

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-5-

COMPLAINT

EXHIBIT 1                    11

material fact or qualification if the omission, in light of the context of the material presented, would cause the communications to be misleading.

(B) *No member may make any false, exaggerated, unwarranted, promissory or misleading statement or claim in any communication*. No member may publish, circulate or distribute any communication that the member knows or has reason to know contains any untrue statement of a material fact or is otherwise false or misleading.

(C) Information may be placed in a legend or footnote only in the event that such placement would not inhibit an investor's understanding of the communication.

(D) *Members must ensure that statements are clear and not misleading within the context in which they are made, and that they provide balanced treatment of risks and potential benefits*. Communications must be consistent with the risks of fluctuating prices and the uncertainty of dividends, rates of return and yield inherent to investments.

(E) Members must consider the nature of the audience to which the communication will be directed and must provide details and explanations appropriate to the audience.

(F) *Communications may not predict or project performance*, imply that past performance will recur or make any exaggerated or unwarranted claim, opinion or forecast…

*Id.*, emphasis added.

34. The email (**Exhibit A**) contains exactly the type of prohibited performance predictions specifically forbidden by this FINRA rule.

35. FINRA Rule 3110, entitled "Supervision," states at subdivision (a):

Each member shall establish and maintain a system to supervise the activities of each associated person that is reasonably designed to achieve compliance with applicable securities laws and regulations, and with applicable FINRA rules.

Rule 3110 further states, in relevant part:

(b) Written Procedures

[…]

(4) Review of Correspondence and Internal Communications

The supervisory procedures required by this paragraph (b) shall include procedures for the review of incoming and outgoing written (including electronic) correspondence and internal communications relating to the member's investment banking or securities business. The supervisory procedures must be appropriate for the member's business, size, structure, and customers. The supervisory procedures must require the member's review of:

(A) incoming and outgoing written (including electronic) correspondence to properly identify and handle in accordance with firm procedures, customer complaints, instructions, funds and securities, and

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-6-

1   communications that are of a subject matter that require review under FINRA rules and federal securities laws.

2   36.   On information and belief, Philpot's use of an outside email to communicate

3   with Plaintiff (see **Exhibit A**, which was sent from Philpot's AOL email account) reflects

4   Defendant's failure to properly supervise Philpot per FINRA Rule 3110, and, as per FINRA

5   Rule 3110(a), "Final responsibility for proper supervision shall rest with the member."

6   **FIRST CAUSE OF ACTION**
BREACH OF FIDUCIARY DUTY
7   (Against All Defendants)

8   37.   Plaintiff re-alleges and reincorporates each and every allegation contained in

9   the General Allegations and all previous paragraphs of all previous sections and Causes of

10   Action in this Complaint, inclusive, as though fully set forth herein.

11   38.   Plaintiff is a securities brokerage client of Defendant WESTPARK.  Defendant

12   WESTPARK (through Philpot) had discretionary control over Plaintiff's investments, and a

13   confidential relationship existed between Plaintiff and Defendant WESTPARK (through

14   Philpot), as Plaintiff reposed trust and confidence in the integrity and fidelity of Defendant

15   WESTPARK (directly and through Philpot).  As such, Defendant WESTPARK owed a

16   fiduciary duty to Plaintiff.

17   39.   Plaintiff is also a client of Defendant ALLIANZ.  As described above Plaintiff

18   told Philpot, an agent of Defendant ALLIANZ, what his investment/insurance needs and

19   goals were, and Philpot then told Plaintiff about the ALLIANZ product and made the

20   misrepresentations listed above.  The particular ALLIANZ annuity product was selected by

21   Philpot for Plaintiff as appropriate for Plaintiff in light of Plaintiff's expressed needs and

22   desires.  Because of Philpot/ALLIANZ's role in advising Plaintiff of the appropriate annuity

23   for Plaintiff's particular needs and goals, Philpot was also acting as an agent for Plaintiff.

24   As such, a confidential relationship existed between Plaintiff and Defendant ALLIANZ

25   (through Philpot), as Plaintiff reposed trust and confidence in the integrity and fidelity of

26   Defendant ALLIANZ (directly and through Philpot).  As such, Defendant ALLIANZ owed a

27   fiduciary duty to Plaintiff.

28

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-7-

COMPLAINT

EXHIBIT 1                    13

40.     Defendants, and each of them, breached their fiduciary duty to Plaintiff by engaging in the course of conduct alleged herein.

41.     Defendants, and each of them, breached their fiduciary duties to Plaintiff by engaging in the course of conduct alleged herein, and such course of conduct was pursued without due regard for and in reckless and conscious disregard of the consequences and damage to Plaintiff.  Upon information and belief, each Defendant, individually, aided and abetted the breach of fiduciary duty by each other Defendant.

42.     Defendants pursued such course of conduct negligently and/or intentionally while disregarding the rights of Plaintiff and with a negligent and/or fraudulent and/or reckless disregard of the likelihood of causing Plaintiff economic damage and/or at all times to further their own economic interest at the expense of Plaintiff's economic interest.

43.     As a proximate result of the conduct of Defendants as herein alleged, Plaintiff has been damaged in a sum according to proof at time of trial, including interest, attorney's fees and costs.

## SECOND CAUSE OF ACTION
### NEGLIGENCE
(Against All Defendants)

44.     Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

45.     A special relationship of trust and confidence existed between Plaintiff and Defendants. As alleged herein, Defendants owed a duty (including a fiduciary duty) to Plaintiff.  Defendants breached that duty by their actions and inactions, as alleged herein.

46.     As a proximate result of the negligent conduct of Defendants as herein alleged, Plaintiff has incurred damages in an amount according to proof at time of hearing, including interest, attorney's fees and costs.

///

///

///

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-8-

COMPLAINT

EXHIBIT 1                    14

### THIRD CAUSE OF ACTION
NEGLIGENT MISREPRESENTATION
(Against All Defendants)

47.    Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

48.    Plaintiff alleges on information and belief that each of the representations described above was false or misleading when made by Defendants (as described above), was made without a reasonable basis for believing it to be true.  The representations were made with the intent to induce Plaintiff's reliance thereon, and Plaintiff did, in fact, reasonably rely on Defendants representations in his decision to invest with Defendants as herein alleged.

49.    Each of the Defendants had a duty to disclose the true information on the grounds that the information was material to the investments alleged herein.  Defendants' failure to disclose these material facts to Plaintiff, therefore, constitutes negligent misrepresentation.

50.    Had Plaintiff known of the true facts as described hereinabove, Plaintiff would not have invested, nor retired early, forgoing additional compensation and making needed additional contributions to his retirement savings.

51.    As a proximate result of the conduct of Defendants as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to invest, all by reason of which Plaintiff has been damaged in at least a sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at time of trial, including interest, attorney's fees and costs.

### FOURTH CAUSE OF ACTION
FRAUD AND INTENTIONAL MISREPRESENTATION
(Against All Defendants)

52.    Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-9-

53.     At the time that Plaintiff was induced to make the investments alleged herein, and continuing thereafter, Plaintiff was led to believe that the representations made by Defendants and delivered to Plaintiff as alleged herein, were true.

54.     When Defendants, and each of them, made or adopted the above representations, they knew (or were reckless in not knowing) them to be false and made these representations with the intention to induce Plaintiff to act in reliance on these representations in the manner herein alleged by purchasing the annuity.

55.     Plaintiff, at the time these representations were made by Defendants, and each of them, and at the time Plaintiff took the actions herein alleged, was unaware of the falsity of Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to and did invest.

56.     Had Plaintiff known of the true facts as described hereinabove, Plaintiff would not have invested, nor retired early, forgoing additional compensation and making needed additional contributions to his retirement savings.

57.     Plaintiff's reliance on the representations of Defendants was justified because of Plaintiff's lack of investment sophistication, Defendants' superior knowledge and expertise, as well as the written projections and guarantees provided.

58.     As a proximate result of the conduct of Defendants as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to invest, all by reason of which Plaintiff has been damaged in at least a sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at time of trial.

59.     As a further result of Defendants' actions, Plaintiff is fearful for his and his family's well-being as a result of discovering that they will not have sufficient funds to provide for them during their retirement.

60.     The aforementioned conduct of Defendants, and each of them, was an intentional misrepresentation, deceit, or concealment of a material fact known to each of the defendants with the intention on the part of the defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

COMPLAINT

EXHIBIT 1                    16

1   subjected Plaintiff to a cruel and unjust hardship and conscious disregard of Plaintiff's

2   rights, so as to justify an award of exemplary and punitive damages.

3                           **FIFTH CAUSE OF ACTION**
4   FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES
    Violation of §10(b) of the Exchange Act of 1934, and Rule 10b-5 thereunder
5                           (Against All Defendants)

6        61.    Plaintiff re-alleges and reincorporates each and every allegation contained in

7   the General Allegations and all previous paragraphs of all previous sections and Causes of

8   Action in this Complaint, inclusive, as though fully set forth herein.

9        62.    Defendants, and each of them, by engaging in the conduct described above,

10  offered and sold a security in the state of California by means of both written and oral

11  communications which included untrue statements of material fact and omitted to state

12  material facts necessary in order to make the statements made, in light of the circumstances

13  under which they were made, not misleading.

14       63.    As a proximate result of the conduct of Defendants as herein alleged, Plaintiff

15  has incurred damages in that Plaintiff was induced to invest in the fraudulent investment

16  scheme, all by reason of which Plaintiff has been damaged in at least a sum in excess of the

17  jurisdictional amount of this Court, and additional amounts according to proof at time of

18  trial, including interest, attorney's fees and costs.

19       64.    The aforementioned conduct of Defendants, and each of them, was an

20  intentional misrepresentation, deceit, or concealment of a material fact known to each of the

21  defendants with the intention on the part of the defendants of thereby depriving Plaintiff of

22  property or legal rights or otherwise causing injury, and was despicable conduct that

23  subjected Plaintiff to a cruel and unjust hardship and conscious disregard of Plaintiff's

24  rights, so as to justify an award of exemplary and punitive damages

25       ///

26       ///

27       ///

28       ///

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-11-

COMPLAINT

EXHIBIT 1                    17

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

1

## SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against All Defendants)

2

3    65.    Plaintiff re-alleges and reincorporates each and every allegation contained in

4    the General Allegations and all previous paragraphs of all previous sections and Causes of

5    Action in this Complaint, inclusive, as though fully set forth herein.

6    66.    Defendants (through Philpot) agreed to provide Plaintiff with an annuity

7    product that performed according to the representations made in **Exhibit A** in exchange for

8    Plaintiff's investment.  That agreement constitutes a contract.

9    67.    Plaintiff has, at all times, performed each and every condition, covenant and

10   obligation required of Plaintiff under the parties' contracts except for the performance of

11   such conditions, covenants and obligations which have been waived, prevented or excused.

12   68.    Defendants have failed to honor its obligations under, and has materially

13   breached, the contracts and the implied covenants therein by, among other things, failing to

14   abide by their terms and conditions, including but not limited to misrepresentation of

15   material facts and arbitrary and improper failure to disclose material facts, to Plaintiff.

16   69.    Plaintiff did not discover Defendants' breach of contract until within two years

17   of the filing of this Complaint.

18   70.    As a proximate result of the conduct of Defendants as herein alleged, Plaintiff

19   has incurred damages in that Plaintiff was induced to invest in reliance on the terms of the

20   contract described above, all by reason of which Plaintiff has been damaged in at least a sum

21   in excess of the jurisdictional amount of this Court, and additional amounts according to

22   proof at time of trial, including interest, attorney's fees and costs.

23

## SEVENTH CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against All Defendants)

24

25   71.    Plaintiff re-alleges and reincorporates each and every allegation contained in

26   the General Allegations and all previous paragraphs of all previous sections and Causes of

27   Action in this Complaint, inclusive, as though fully set forth herein.

28

-12-

EXHIBIT 1                            18

72.     Implied in the agreement between Plaintiff and Defendants described above is a covenant of good faith and fair dealing.  The covenant provides that no party will do anything that will have the effect of impairing, destroying or injuring the rights of the other party to receive the benefits of their agreement.  The law implies a covenant in all agreements that each party will do all things reasonably contemplated by the terms of the agreement to accomplish its purpose.

73.     By performing the acts described above, Defendants have breached the covenant of good faith and fair dealing by violating the spirit of the agreement.

74.     As a proximate result of the conduct of Defendants as herein alleged, Plaintiff has incurred damages in at least a sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at time of trial, including interest, attorney's fees and costs.

### EIGHTH CAUSE OF ACTION
#### UNFAIR BUSINESS PRACTICES
In Violation of § 17200 et seq. of the California Business and Professions Code
(Against All Defendants)

75.     Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

76.     Pursuant to §§ 17200 et seq. of the California Business and Professions Code, unfair business practices include any unlawful, unfair or fraudulent business practice.  The fraudulent and unlawful conduct of Defendants as alleged herein is an unlawful and fraudulent practice within the provisions of § 17200 et seq. of the California Business and Professions Code, and, accordingly, constitutes a violation of § 17200 et seq. of the California Business and Professions Code.

77.     As a direct and proximate result of the unfair business practices of Defendants as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to invest in the fraudulent investment scheme, all by reason of which Plaintiff is entitled to restitution in an

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-13-

COMPLAINT

EXHIBIT 1                    19

1  amount according to proof at time of trial, plus interest, attorney's fees pursuant to

2  California Code of Civil Procedure § 1021.5, and costs.

**NINTH CAUSE OF ACTION**
CONVERSION
For Violation of California Penal Code § 496
(Against All Defendants)

6       78.     Plaintiff re-alleges and reincorporates each and every allegation contained in

7  the General Allegations and all previous paragraphs of all previous sections and Causes of

8  Action in this Complaint, inclusive, as though fully set forth herein.

9       79.     Plaintiff is, and at all times relevant herein was, the owner of or entitled to

10  immediately possess an annuity worth at least $387,000 ten years after his initial purchase in

11  2006.

12       80.     Using simple math, in light of the initial investment of $448,062.35, the annual

13  $45,000 withdrawal described above, and the promised performance of the annuity, the

14  value of the annuity as of April, 2014 should have been no less than $404,163.51.  After

15  adjusting for the two withdrawals after the anniversary date (see Exhibit C, page 2), the

16  value in April 2014 was only $137,857.70, for a difference of **$266,305.81**.

17       81.     Defendants wrongfully interfered with Plaintiff's interest in the above-

18  described property by diverting from Plaintiff the identifiable sum (as of April 2014) of

19  $266,305.81 by misappropriating and depositing said sums into Defendants' own accounts,

20  and refusing to return the money to Plaintiff.

21       82.     While Defendants originally came into the possession of the converted

22  property when Plaintiff invested (as described above), Defendants have improperly retained

23  it despite demands by Plaintiff for return of the property.

24       83.     While Plaintiff believes demand for return of his converted property has

25  already been made, this Complaint serves as a further such demand.

26       84.     Each Defendant conspired with each of the other Defendants to convert the

27  above-listed property, so that the activities of one are attributable to all.

28

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-14-

COMPLAINT

85.     As a result of Defendants' acts of conversion, Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory damages.  Plaintiff is further entitled to compensation for the time and money expended in pursuit of the property.

**TENTH CAUSE OF ACTION**
TREBLE DAMAGES
For Violation of California Penal Code § 496
(Against All Defendants)

86.     Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

87.     Defendants caused Plaintiff to transfer to Defendants at least $266,305.81 belonging to Plaintiff.

88.     Defendants have retained the entire $266,305.81 in funds belonging to Plaintiff.

89.     In so doing, Defendants have knowingly received and are deliberately withholding at least $266,305.81 in funds from Plaintiff, knowing that Defendants have no right, title, or interest in the funds and that said funds have been stolen from Plaintiff and/or obtained in a manner constituting theft.

90.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained actual damages in the amount of not less than $266,305.81.

91.     Defendants' conduct is in direct violation of Penal Code § 496.  As recently determined by the court in *Bell v. Feibush* (2013) 212 Cal.App.4th 1041:

> Penal Code section 496 does not state a criminal conviction under section 496(a) is required for a private plaintiff to recover treble damages under section 496(c).  Nor does section 496(c) limit recovery of treble damages to a crime victim. Instead, section 496(c) permits "[a]ny person" who "has been injured by a violation of subdivision (a) or (b)" to "bring an action" to recover treble damages.

*Id.*, 1045.

///

///

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California  90017

-15-

92.     Accordingly, pursuant to Penal Code § 496(c), Defendants are liable to Plaintiff for three times the amount of actual damages sustained by Plaintiff, costs of suit, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows on all claims for relief:

UNDER THE FIRST CAUSE OF ACTION

1.     For general damages in an amount according to proof at time of trial;

2.     For interest in an amount according to proof at time of trial;

3.     For attorney's fees and costs;

UNDER THE SECOND CAUSE OF ACTION

4.     For general damages in an amount according to proof at time of trial;

5.     For interest in an amount according to proof at time of trial;

6.     For attorney's fees and costs;

UNDER THE THIRD CAUSE OF ACTION

7.     For general damages in an amount according to proof at time of trial;

8.     For interest in an amount according to proof at time of trial;

9.     For attorney's fees and costs;

UNDER THE FOURTH CAUSE OF ACTION

10.    For general damages in an amount according to proof at time of trial;

11.    For interest in an amount according to proof at time of trial;

12.    For attorney's fees and costs;

13.    For punitive damages;

UNDER THE FIFTH CAUSE OF ACTION

14.    For general damages in an amount according to proof at time of trial;

15.    For interest in an amount according to proof at time of trial;

16.    For attorney's fees and costs;

17.    For punitive damages;

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-16-

COMPLAINT

EXHIBIT 1                    22

1            UNDER THE SIXTH CAUSE OF ACTION

2   18.   For rescission as determined according to proof at time of trial;

3   19.   For general damages in an amount according to proof at time of trial;

4   20.   For interest in an amount according to proof at time of trial;

5   21.   For attorney's fees and costs;

6           UNDER THE SEVENTH CAUSE OF ACTION

7   22.   For general damages in an amount according to proof at time of trial;

8   23.   For interest in an amount according to proof at time of trial;

9   24.   For attorney's fees and costs;

10          UNDER THE EIGHTH CAUSE OF ACTION

11  25.   For restitution in an amount according to proof at time of trial;

12  26.   For interest in an amount according to proof at time of trial;

13  27.   For attorney's fees and costs pursuant to California Code of Procedure §

14        1021.5;

15          UNDER THE NINTH CAUSE OF ACTION

16  28.   For damages according to proof at time of trial;

17  29.   For compensation for the time and money expended in pursuit of the property;

18          UNDER THE TENTH CAUSE OF ACTION

19  30.   For treble damages in an amount according to proof at time of trial;

20  31.   For interest in an amount according to proof at time of trial;

21  32.   For attorney's fees;

22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-17-

COMPLAINT

EXHIBIT 1                23

UNDER ALL CAUSES OF ACTION

33.    For costs of suit incurred herein; and

34.    For such other and further relief as this court may deem just and proper.

Dated:  July 18, 2014                    HOLMES, TAYLOR & JONES LLP

                                        By: _____
                                            Andrew B. Holmes
                                            Attorneys for Plaintiff William G. Bussen

### JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury.

Dated:  July 18, 2014                    HOLMES, TAYLOR & JONES LLP

                                        By: _____
                                            Andrew B. Holmes
                                            Attorneys for Plaintiff William G. Bussen

HOLMES, TAYLOR & JONES LLP
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

-18-

COMPLAINT

EXHIBIT 1                                24

BARB  BUSSEN

p.6

Page 1 of 1

## Bussen, William

| | |
|---|---|
| **From:** | Pdanphilpot@aol.com |
| **Sent:** | Tuesday, March 28, 2006 10:14 AM |
| **To:** | Bussen, William |
| **Subject:** | Re: Reminder |

Bill I crunched the numbers you asked for and this is a ten year projection. The best case scenario is a conservative estimate, while the worst case is pushing the extreme: These numbers take in consideration the (9% you will be withdrawing annually over the next ten years.)

Best Case:

Balance @ the end of ten years...... $548,000.00

Worst Case:

Balance @ the end of ten years......... $387,000.00

Options @ the ten year maturity. 1. You and I sit down and explore the new products available on the market at that time and roll the funds into something new.  2. If the Allianz product is performing at your satisfaction, we can leave in place, without annuitizing and the guarantees will stay in place, Allianz will allow this.

If the plan is not performing as expected, once you reach 59 1/2, we can reduce or change the distribution levels, because we are out of the IRS penalty phase. This is applicable even though we may be mid stream on the ten year commitment with Allianz

I'll be more than happy to discuss this information with you, if you have any questions

Thanks!

Dan

EXHIBIT 1                                    25

# Exhibit B

EXHIBIT 1                26

DA 026630

**Allianz Life Insurance Company of North America**

USAllianz Rewards®
Individual Flexible Payment Variable Deferred Annuity Application
Issued by Allianz Life Insurance Company of North America (Allianz Life), Minneapolis, MN
Countrywide except NY

## 1. Account Registration

Owner is Individual (Must be age 80 or younger.)

WILLIAM | G | Bussen
Individual Owner First Name | Middle Initial | Last Name | (Jr or Sr), or III

Owner is ☐ Trust  ☑ Qualified Plan  ☐ Custodian (If Trust, please include the date of Trust in the name.)

Non-Individual Owner Information
If Trust is Owner, please refer to Trustee Representation form.

Tax ID number | Social Security number 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

506 ORCHARD LN
Street Address

CARLSBAD | NM 88220
City | State | ZIP Code | Daytime telephone number 505-628-1792

Sex ☑M  ☐F  Date of Birth (mm/dd/yyyy) 02-23-1950  Are you a U.S. Citizen? ☑Yes ☐No  If no, need W8-BEN.

### Joint Owner (Optional) (Must be the spouse of the Contract Owner except in the states of CA, NJ, OR and PA.) (Must be age 80 or younger.)

First Name SAME AS ABOVE Middle Initial | Last Name | (Jr or Sr), or III

Street Address

City | State | ZIP Code | Daytime telephone number

Sex ☐M ☐F  Date of Birth (mm/dd/yyyy) | Social Security number  Are you a U.S. Citizen? ☐Yes ☐No  If no, need W8-BEN.

Relationship to Contract Owner

### Annuitant (Must complete if different than Contract Owner.) (Must be age 80 or younger.)

First Name Same As ABOVE Middle Initial | Last Name | (Jr or Sr), or III

Street Address

City | State | ZIP Code | Daytime telephone number

Sex ☐M ☐F  Date of Birth (mm/dd/yyyy) | Social Security number  Are you a U.S. Citizen? ☐Yes ☐No  If no, need W8-BEN.

## 2. Purchase Payment

This section must be completed. Please make check payable to Allianz Life.
$15,000 minimum Purchase Payment required. If optional GMIB is selected, then $25,000 Initial minimum Purchase Payment required.
☐ Purchase Payment enclosed with application  ☑ This contract will be funded by a 1035 exchange, Tax Qualified Transfer/Rollover, CD Transfer Purchase Payment amount $ 450,000 approx. or Mutual Fund Redemption. (If checked, please include the appropriate forms.)

## 3. Plan Specifics

This section must be completed to indicate how this contract should be issued.
NonQualified : ☐
Qualified IRAs : ☐ IRA  ☐ Roth IRA  ☐ SEP IRA  ☐ Roth Conversion  New Roth or IRA contribution for tax year_____
Qualified Plans: ☐ 403(b) (90-24 transfer)  ☐ 401  ☐ 401 One Person Defined Benefit

## 4. Replacement

This section must be completed.
Do you have existing life insurance or annuity contracts?  ☐Yes* ☑No
If yes, will the annuity contract applied for replace or change existing contracts or policies?  ☐Yes* ☑No
If yes, the Registered Representative must answer the replacement question in section 11 of this application. *Please include the appropriate forms for NAIC Model Regulation states.

F40327 (2-04) | 5/2005

EXHIBIT 1 | 27

## 5. Income Benefit Options

*You must choose only ONE of the following Income Benefit Options. Upon making your selection, it cannot be changed.*

**PLEASE NOTE: If optional GMIB is selected, then $25,000 initial minimum Purchase Payment required. The Income Benefit Options are not available in the state of Oregon.**

☐ No Guaranteed Minimum Income Benefit (No additional cost.)

☐ Traditional Guaranteed Minimum Income Benefit (Optional) (Available on the Issue Date at additional cost.)

☑ Enhanced Guaranteed Minimum Income Benefit (Optional) (Available to owners age 79 or younger on the Issue Date at additional cost.)

## 6. Death Benefit Options

*You must choose only ONE of the following Death Benefit Options. Upon making your selection, it cannot be changed.*

☐ Traditional Guaranteed Minimum Death Benefit (No additional cost.)

☑ Enhanced Guaranteed Minimum Death Benefit (Optional) (Available to owners age 79 or younger on the Issue Date at additional cost.)

## 7. Purchase Payment Allocation

COMPLETE THIS SECTION FOR ALLOCATIONS AND DOLLAR COST AVERAGING (DCA) SOURCE INVESTMENT CHOICE. You may select up to 15 Investment Choices. Must use whole percentages (33.3% or dollars are not permitted). Total of percentages in this section must total 100%.

PLEASE NOTE: If DCA is being requested, DCA form must be attached to indicate which Investment Choices you wish to dollar cost average into. If this form is NOT attached and you request DCA, we cannot invest your Purchase Payment.

**DCA Fixed Options (DCA Form must be attached.)**
____% 12-Month DCA Fixed Option
____% 6-Month DCA Fixed Option
**FusionPortfolio**
____% USAZ® Fusion Balanced
____% USAZ® Fusion Moderate
_100_% USAZ® Fusion Growth
**Small Cap**
____% Dreyfus Small Cap Stock Index
____% USAZ® Dreyfus Premier Small Cap Value
____% USAZ® Franklin Small Cap Value
____% USAZ® Oppenheimer Emerging Growth
____% USAZ® Salomon Brothers Small Cap Growth
**Mid Cap**
____% Franklin Rising Dividends Securities
____% Mutual Shares Securities
____% USAZ® PEA Renaissance
____% USAZ® Van Kampen Aggressive Growth
____% USAZ® Van Kampen Mid Cap Growth
____% Franklin Small - Mid Cap Growth Securities
**Large Growth**
____% Franklin Large Cap Growth Securities
____% USAZ® Dreyfus Founders Equity Growth
____% USAZ® Jennison Growth
____% USAZ® Salomon Brothers Large Cap Growth
____% USAZ® Van Kampen Emerging Growth
**International Equity**
____% Mutual Discovery Securities
____% Templeton Foreign Securities
____% Templeton Growth Securities
____% USAZ® AIM International Equity
____% USAZ® Oppenheimer Global
____% USAZ® Oppenheimer International Growth
____% USAZ® Van Kampen Global Franchise
**Large Blend**
____% Dreyfus Stock Index
____% Franklin Growth and Income Securities
____% USAZ® Jennison 20/20 Focus
____% USAZ® Oppenheimer Main Street
____% USAZ® Legg Mason Value

**Large Value**
____% USAZ® AIM Basic Value
____% USAZ® Davis NY Venture
____% USAZ® PEA Value
____% USAZ® Van Kampen Comstock
____% USAZ® Van Kampen Growth and Income
**High Yield Bonds**
____% Franklin High Income
____% PIMCO VIT High Yield
**Intermediate-Term Bonds**
____% Franklin Zero Coupon -2010
____% PIMCO VIT Emerging Markets Bond Portfolio
____% PIMCO VIT Global Bond Portfolio
____% PIMCO VIT Real Return
____% PIMCO VIT Total Return
**Short-Term Bonds**
____% Franklin U.S. Government
**Specialty**
____% Davis VA Financial
____% Franklin Global Communications Securities
____% Franklin Income Securities
____% Franklin Real Estate
____% PIMCO VIT All Asset Portfolio
____% PIMCO VIT Commodity Portfolio
____% Templeton Developing Markets Securities
____% USAZ® Legg Mason Growth
____% USAZ® Oppenheimer Emerging Technologies
____% USAZ® Van Kampen Equity and Income
**Cash Equivalent**
____% USAZ® Money Market

TOTAL of __100__ %
(Must equal 100%)

**Flexible Rebalancing Quarterly:** You may select Flexible Rebalancing on a quarterly basis by checking this box ☐ if you have NOT selected selected any DCA Fixed Options, or the Dollar Cost Averaging Program. Your Flexible Rebalancing will be based on the same allocations as indicated above.

If you are requesting any other mode than quarterly for Flexible Rebalancing or if you are selecting a Dollar Cost Averaging Program, please complete the Flexible Rebalancing form and/or the Dollar Cost Averaging form.

F40327 (2-04)                                                                5/2005

EXHIBIT 1                    28

## 8. Telephone Authorization

☒ Yes  By checking "yes," I am authorizing and directing Allianz Life to act on telephone or electronic instructions from the registered representative and/or anyone authorized by him/her to transfer Contract Values among the Investment Choices. If the box is not checked, this authorization will be permitted for the Owner only. Allianz Life will use reasonable procedures to confirm that these instructions are authorized as genuine. As long as these procedures are followed, Allianz Life and its affiliates and their directors, trustees, officers, employees, representatives, and/or agents will be held harmless for any claim, liability, loss, or cost.  The electronic transaction privilege may be modified or withdrawn at the discretion of the Company.

## 9. Beneficiary Designation

If the Beneficiary is a Trust, Qualified Plan or Custodian, please check the box and include the name below  ☐ Trust   ☐ 401 Qualified Plan   ☐ Custodian

☒ Primary   ☐ Contingent   | 100 |
Percentage                    Tax ID number                              Social Security number

_Non-Individual Beneficiary Information (if Trust, please include date of Trust in name.) (If owner is a 401 qualified plan, the plan must be the beneficiary.)_

☒ Primary   ☐ Contingent   | 100 |
Percentage                    Tax ID number                              Social Security number

BARBARA                    A   BUSSEN
First Name                 Middle Initial   Last Name

SPOUSE
Relationship

☐ Primary   ☐ Contingent
Percentage                    Tax ID number                              Social Security number

First Name                 Middle Initial   Last Name

Relationship

☐ Primary   ☐ Contingent
Percentage                    Tax ID number                              Social Security number

First Name                 Middle Initial   Last Name

Relationship

_(If more than 4 beneficiaries, attach a list signed by Owner. At the Contract Owner's death, the surviving Joint Owner becomes the Primary Beneficiary.)_

## 10. Statement of Applicant

_The following states require applicants to read and acknowledge the statement for your state below._

**Arizona:** Upon your written request, we will provide you with factual information regarding the benefits and provisions of the Annuity Contract for which you are applying. If for any reason you are not satisfied with the Annuity Contract, you may return the Contract within 10 days after you receive it for a full refund of the Contract Value.

**Arkansas, Kentucky, Louisiana, Maine, New Mexico, Ohio, Tennessee:** Any person who knowingly, and with intent to defraud any insurance company, submits an application or files a statement of claim containing any false, incomplete, or misleading information, commits a fraudulent insurance act, which is a crime, may be subject to criminal prosecution and civil penalties. In ME and TN, additional penalties may include imprisonment, fines, or denial of insurance benefits.

**Colorado:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

**District of Columbia, Pennsylvania and Virginia:** Any person who knowingly and with the intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act (except in VA), which is a crime and subjects such person to criminal and civil penalties. In DC and VA, additional penalties may include imprisonment and/or fines, or denial of insurance benefits.

**Florida:** Any person who knowingly and with the intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

**Minnesota:** This Contract is not protected by the Minnesota Life and Health Insurance Guarantee Association or the Minnesota Insurance Guarantee Association. In the case of insolvency, payment of claims is not guaranteed. Only the assets of this insurer will be available to pay the claim.

**New Jersey:** Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.

**Vermont:** I understand that this variable annuity is not a bank deposit; is not federally insured; is not endorsed by any bank or government agency; is not guaranteed and may be subject to loss of principal.

F40327 (2-04)                                                                    5/2005

EXHIBIT 1                    29

## 10. Statement of Applicant (continued)

*By signing below, the Contract Owner acknowledges the statements mentioned above and understands that or agrees to the following:*

I received a Prospectus and have determined that the variable annuity applied for is not unsuitable for my investment objectives, financial situation, and financial needs. It is a long-term commitment to meet financial needs and goals. I understand that the Contract Value and variable Annuity Payments may increase or decrease depending on the investment results of the variable Investment Choices, and that no minimum Contract Value or variable Annuity Payment is guaranteed. To the best of my knowledge and belief, all statements and answers in this application are complete and true. It is further agreed that these statements and answers will become a part of any contract to be issued. No representative is authorized to modify this agreement or waive any of Allianz Life's rights or requirements.

_____
Contract Owner's signature (or Trustee, if applicable)

_____
Joint Owner's signature (or Trustee, if applicable)

Carlsbad, NM
_____
Signed at (city and state)

3-30-06
_____
Date signed        ☐ Please send me a Statement of Additional Information
                              also available on the SEC web site (http://www.sec.gov).

## 11. Registered Representative

*By signing below, the Registered Representative/Agent certifies to the following:*

I am NASD registered and state licensed for variable annuity contracts in all required jurisdictions; and I provided the Contract Owner(s) with the most current Prospectus; and to the best of my knowledge and belief, this application ☐ DOES ☐ DOES NOT involve replacement of existing life insurance or annuities. If a replacement, include a copy of each disclosure statement and a list of companies involved.

1. _____
Registered Representative's signature

D I A N A   P H I L I P O T
Registered Representative's first and last name (please print)

2. _____
Registered Representative's signature (split case)

_____
Registered Representative's first and last name (please print) (split case)

5 0 5 . 3 8 5 . 3 0 9 3
Registered Representative's telephone number

5 9 0 5   C O N C O R D I A   RD   NE ,   Albuquerque ,   NM   87111
Registered Representative's address

West Park Capital
Broker-dealer name (please print)

_____
Authorized signature of broker/dealer (if required)

Representative's Florida Insurance License Number (complete if application signed in Florida) | | | | | | | | | | | | |

Commission Options: (Please check one) ☒ A   ☐ B   ☐ C

## 12. Home Office Use Only

If Allianz Life Insurance Company of North America makes a change in this space in order to correct any apparent errors or omissions, it will be approved by acceptance of this contract by the Owner(s); however, any material change must be accepted in writing by the Owner(s).  Changes to this application that affect product, benefits, amount of insurance or age require acceptance by the Owner(s).

### Mailing Information

#### APPLICATIONS THAT HAVE A CHECK ATTACHED

| REGULAR MAIL | OVERNIGHT, CERTIFIED, OR REGISTERED |
|---|---|
| Allianz Life-USAllianz Service Center | Allianz Life-USAllianz Service Center 824240 |
| PO Box 824240 | c/o PNC Bank Lockbox |
| Philadelphia, PA 19182-4240 | Route 38 and East Gate Drive |
| | Moorestown, NJ 08057 |

#### APPLICATIONS THAT DO NOT HAVE A CHECK ATTACHED

| REGULAR MAIL | OVERNIGHT, CERTIFIED, OR REGISTERED |
|---|---|
| Allianz Life-USAllianz Service Center | Allianz Life-USAllianz Service Center |
| PO Box 1122 | 300 Berwyn Park |
| Southeastern, PA 19398-1122 | Berwyn, PA 19312-1179 |

**For further questions, please call the USAllianz Service Center at (800) 624-0197.**

F40327 (2-04)                                                                                                            5/2005

EXHIBIT 1                    30

## AMENDMENT OF APPLICATION

This document hereby amends the application dated March 30, 2006 to ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

CONTRACT OWNER NAME IS WILLIAM G BUSSEN

I agree that these changes shall be an amendment to and form a part of the original application and of the policy issued. I also agree that these changes shall be binding on any person who shall have or claim any interest under such policy.

If, by the above amendment, I have agreed to any special restriction in the policy, the consideration for such agreement shall be the issuance of such policy.

Dated at: Carlsbad, NM this _____ day of _____ 2006

Contract Number: DA026630     Annuitant: WILLIAM G BUSSEN

Witness: _____ Owner: _____

Joint Owner if applicable: _____

ALS0001v2

EXHIBIT 1                                    31

# Exhibit C

EXHIBIT 1                    32



Allianz
PO Box 561
Minneapolis, MN 55440-0561

## Allianz Rewards
A deferred variable annuity

Quarterly Statement 03/31/2014 - 06/30/2014

| | |
|---|---|
| Contract Number: | DA026630 |
| Owner: | WILLIAM G BUSSEN |
| Annuitant: | WILLIAM G BUSSEN |
| Plan Type: | QUALIFIED IRA |
| Issued: | 04/19/2006 |
| Representative: | DANA W PHILPOT |
| Rep ID: | S32189 |
| Broker/Dealer: | WESTPARK CAPITAL INC |

#BWBBFZW
WILLIAM G BUSSEN
288 FAGAN DR
BRANSON MO 65616-9108

## Contract Values

| | |
|---|---|
| Prior Rewards Value as of 03/31/2014: | $140,925.50 |
| Rewards Value as of 06/30/2014: | $130,357.70 |
| Contract Value as of 06/30/2014: | $130,357.70 |
| Your Current Vested Bonus Amount is: | $26,856.07 |
| Your Current Unvested Bonus Amount is: | $0.00 |
| Prime Values: | |
| 3% Annual Increase: | $145,197.21 |
| 7% Annual Increase: | $196,938.53 |
| Maximum Anniversary Value: | $136,505.23 |
| Enhanced Guaranteed Minimum Death Benefit Value as of 06/30/2014: | $145,197.21 |
| Purchase Payments to Date: | $448,062.35 |
| Withdrawals to Date: | $367,616.26 |

## Features of Your Contract

**Death Benefit:** Allianz Life guarantees that the Enhanced Guaranteed Minimum Death Benefit received by the beneficiaries of this contract will be the greater of the then current Guaranteed Minimum Death Benefit as defined in your contract, or the then-current Contract Value, which varies daily with market conditions. This guarantee is backed by the financial strength of Allianz Life.

**Guaranteed Partial Withdrawal Benefit*:** The Guaranteed Partial Withdrawal Benefit included in your contract provides income through partial withdrawals based on your Guaranteed Partial Withdrawal value. This guarantee is backed by the financial strength of Allianz Life.

*The Guaranteed Partial Withdrawal Benefit is subject to 10 year waiting period.

**Income Benefit*:** Allianz Life guarantees that the Income Benefit will be the greater of the then current Guaranteed Minimum Income Benefit as defined in your contract, or the then-current Contract Value, which varies daily with market conditions. This guarantee is backed by the strength of Allianz Life.

*The Guaranteed Income Benefit is subject to a 10 year waiting period.

**Bonus Amount:** The bonus vesting schedule is as follows: months 1-12 is 0%, months 13-24 is 35%, months 25-36 is 70%, months 37+ is 100% vested.
Your current vested bonus amount is $26,856.07.
Your current unvested bonus amount is $0.00.

## Contract Summary/Allocation

| Asset Class Investment Option | Number of Units as of 03/31/2014 | Unit Value as of 03/31/2014 | Dollar Value as of 03/31/2014 | Number of Units as of 06/30/2014 | Unit Value as of 06/30/2014 | Dollar Value as of 06/30/2014 |
|---|---|---|---|---|---|---|
| **☐ 21% Intermediate-Term Bonds** | | | $28,512.67 | | | $27,180.79 |
| PIMCO VIT Real Return | 2,148.0966 | 13.2735 | $28,512.67 | 1,976.7857 | 13.7500 | $27,180.79 |
| **▨ 67% Cash Equivalent** | | | $96,162.18 | | | $87,921.42 |
| AZL Money Market | 10,891.8870 | 8.8288 | $96,162.18 | 10,023.2583 | 8.7717 | $87,921.42 |

 Phone: 800.624.0197
Website: www.allianzlife.com

PAGE 1 of 3

Allianz ⑪

1186 5325 2663  89525 0001 P1  01968779 21927315  OANYPWO XNBBYJ N 000



EXHIBIT 1                    33

p.1

BARB BUSSEN

WILLIAM G BUSSEN        **Allianz Rewards**        March 31, 2014 - June 30, 2014

## Contract Summary/Allocation continued from previous page

| Asset Class Investment Option | Number of Units as of 03/31/2014 | Unit Value as of 03/31/2014 | Dollar Value as of 03/31/2014 | Number of Units as of 06/30/2014 | Unit Value as of 06/30/2014 | Dollar Value as of 06/30/2014 |
|---|---|---|---|---|---|---|
| 12% Fund of Funds | | | $16,250.65 | | | $15,255.49 |
| AZL MVP Fusion Conservative | 1,316.4870 | 12.3440 | $16,250.65 | 1,211.4971 | 12.5923 | $15,255.49 |
| | | | Your Total Rewards Value as of 06/30/2014: | | | $130,357.70 |

¹ Rewards (Bonus) Value equals accumulation value of all Investment Choices, including all bonus amounts vested and unvested.

² Contract Value equals accumulation value, excluding any unvested bonus amounts.

## Additional Information Regarding Your Contract

The values appearing on your statement may be slightly higher or lower than the actual contract values available due to rounded numbers being used for display purposes.

Upon canceling or surrendering the contract, you may be required to pay a withdrawal charge. For an explanation of the charge and other fees, please see the prospectus.

## Allocation as of 06/30/2014



- ☐ 21% Intermediate-Term Bonds
- ■ 67% Cash Equivalent
- ▥ 12% Fund of Funds

## Contract Activity

| Date | Activity | Number of Units | X | Unit Value | = | Dollar Amount |
|---|---|---|---|---|---|---|
| 04/09/2014 | Systematic Withdrawal | | | | | $3,750.00 |
| | From AZL Money Market | -290.4438 | | 8.8231 | | -$2,562.62 |
| | From AZL MVP Fusion Conservative | -35.1055 | | 12.3652 | | -$434.09 |
| | From PIMCO VIT Real Return | -57.2813 | | 13.3199 | | -$762.98 |
| | To Contingent Deferred Sales Charge | 0.0000 | | 0.0000 | | $9.69 |
| 04/18/2014 | Anniversary | | | | | $0.00 |
| 05/09/2014 | Systematic Withdrawal | | | | | $3,750.00 |
| | From PIMCO VIT Real Return | -57.0467 | | 13.5198 | | -$771.26 |
| | From AZL MVP Fusion Conservative | -34.9618 | | 12.3581 | | -$432.06 |
| | From AZL Money Market | -289.2543 | | 8.8043 | | -$2,546.68 |
| 06/09/2014 | Systematic Withdrawal | | | | | $3,750.00 |
| | From AZL Money Market | -288.9307 | | 8.7849 | | -$2,538.22 |
| | From AZL MVP Fusion Conservative | -34.9226 | | 12.5338 | | -$437.71 |
| | From PIMCO VIT Real Return | -56.9829 | | 13.5842 | | -$774.07 |

 Phone: 800.624.0197
Website: www.allianzlife.com

**Allianz** ⑪

ᄅ·d

BARB BUSSEN

EXHIBIT 1             34



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Andrew B. Holmes (SBN: 185401)
HOLMES, TAYLOR & JONES LLP
801 S. Figueroa Street, Suite 2170
Los Angeles, California 90017
TELEPHONE NO.: (213) 985-2200   FAX NO.: (213) 973-6282
ATTORNEY FOR (Name): Plaintiff

**CONFORMED COPY
ORIGINAL FILED**
Superior Court Of California
County Of Los Angeles

**JUL 18 2014**

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA. 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME:
William G. Bussen v. WestPark Financial Services, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC 552000** |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Ten (10)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/18/14
Andrew B. Holmes
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT 1                              35

COPY

| SHORT TITLE: William G. Bussen v. WestPark Financial Services, LLC, et al. | CASE NUMBER | BC 5 5 2 0 0 0 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT 1                    36

| SHORT TITLE: William G. Bussen v. WestPark Financial Services, LLC, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT 1                    37

| SHORT TITLE: | CASE NUMBER |
|---|---|
| William G. Bussen v. WestPark Financial Services, LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☑ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT 1                                38

| SHORT TITLE: William G. Bussen v. WestPark Financial Services, LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1900 Avenue of the Stars, Suite 310 |
|---|---|
| CITY:<br>Los Angeles | STATE: CA  ZIP CODE: 90067 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _July 18, 2014_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT 1                    39

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

**BC 5 5 2 0 0 0**

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Terry A. Green | 14 | 300 | | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Mary H. Strobel | 32 | 406 | | | | | |
| Hon. Michael P. Linfield | 34 | 408 | | | | | |
| Hon. Gregory Alarcon | 36 | 410 | | **Hon. Emilie H. Elias** | 324 | CCW | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | | *Provisionally Complex Non-Class Action Cases | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |

*Complex
All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on JUL 18 2014    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev05/14)            **NOTICE OF CASE ASSIGNMENT**            Page 1 of 2
LASC Approved  05-06
For Optional Use                    **UNLIMITED CIVIL CASE**

EXHIBIT 1                    40

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved  05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

EXHIBIT 1                                        41

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

abtl

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

EXHIBIT 1                    42

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

EXHIBIT 1         43

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
|  | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT 1          44

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT 1                    45

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT 1                                          46

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

EXHIBIT 1                                      47

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT 1                                          48

| HAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):  
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER. |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⮞ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

⮞ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

⮞ (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT 2



**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andrew B. Holmes          Cal. SBN 185401 | |
| HOLMES, TAYLOR & JONES LLP | |
| 801 South Figueroa Street, Suite 2170 | |
| Los Angeles, CA 90017 | |
| TELEPHONE NO.: (213) 985-2200   FAX NO. *(Optional)*: (213) 973-6282 | |
| E-MAIL ADDRESS *(Optional)*: abholmes@htjlaw.com | |
| ATTORNEY FOR *(Name)*: Plaintiff William G. Bussen | |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUL 29 2014**

John A. Clarke, Executive Officer/Clerk

BY _____ Deputy
Gloretta Robinson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: William G. Bussen

DEFENDANT/RESPONDENT: Westpark Capital Financial Services, LLC, et al.

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

CASE NUMBER:
**BC552000**

---

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☐ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

      Jan Lapinid, C T Corporation System, agent for service of process

4. Address where the party was served:
   818 W. Seventh Street, Los Angeles, CA 90017

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):* 7/24/2014     (2) at *(time):*  10:00 am

   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|
| Judicial Council of California | | |
| POS-010 [Rev. January 1, 2007] | | |

EXHIBIT 2                                51

| PLAINTIFF/PETITIONER: William G. Bussen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Westpark Capital Financial Services, LLC, et al. | BC552000 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

          ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):*  ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers

  a. Name:  Andrew B. Holmes

  b. Address: 801 South Figueroa Street, Suite 2170, Los Angeles, CA 90017

  c. Telephone number: (213) 985-2200

  d. The fee for service was: $ n/a

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: July 24, 2014

Andrew B. Holmes
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

► _____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT 2          52





Home    Juror Services    About the Court    Locations    Search

You Are In  Home > Civil > Online Services > Case Summary > Search Results

## Case Summary

[PRINT]

**HELP US IMPROVE**

› General Information

› Online Services

› Tools for Litigators

› Complex Court

› Collections Court

› Limited Civil Court

› Personal Injury Court

› Unlawful Detainer Court

› Get Help

› Civil Forms

› Civil Fees

› Civil Locations

› Court Rules

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC552000
WILLIAM G BUSSEN VS WESTPARK CAPITAL FINANCIAL SVCS INC ET A

**Filing Date:** 07/18/2014
**Case Type:** Contractual Fraud (General Jurisdiction)
**Status:** Pending

**Future Hearings**

11/18/2014 at 08:45 am in department 28 at 111 North Hill Street, Los Angeles, CA 90012
Conference-Case Management

Documents Filed | Proceeding Information

**Parties**

ALLIANZ LIFE INSURANCE COMPANY OF NORTH - Defendant/Respondent

BUSSEN WILLIAM G. - Plaintiff/Petitioner

DOES 1 THROUGH 100 - Defendant/Respondent

HOLMES TAYLOR & JONES LLP - Attorney for Plaintiff/Petitioner

WESTPARK CAPITAL FINANCIAL SERVICES LLC - Defendant/Respondent

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Documents Filed** (Filing dates listed in descending order)

**07/29/2014** Proof of Service (re summons and complaint )
Filed by Attorney for Plaintiff/Petitioner

**07/24/2014** Notice-Case Management Conference
Filed by Clerk

**07/18/2014** Complaint

Case Information | Party Information | Documents Filed

EXHIBIT 2                              53

Proceedings Held (Proceeding dates listed in descending order)
None

Case Information | Party Information | Documents Filed | Proceeding Information


Community Outreach    Volunteers, Interns & Externs    Employment

©2009 Information Systems and Technology Bureau

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Bussen, William G.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Westpark Capital Financial Services, LLC, a California Limited Liability Company; Allianz Life Insurance Company of North America, a Minnesota Corporation, and DOES 1 through 100, inclusive

**(b)** County of Residence of First Listed Plaintiff  Taney Cnty. Missouri

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Andrew B. Holmes (185401)
Holmes Taylor & Jones LLP
801 South Figueroa Street, Suite 2170
Los Angeles, CA 90017
Telephone: 213-985-2200

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Mark A. Neubauer (73728)
Carlton Fields Jorden Burt, LLP
2029 Century Park East, Suite 2000
Los Angeles, CA 90067-2901
Telephone: 310-843-6300
For Def. Allianz Life Insurance Company of North America

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 266,305.81

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.*

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☒ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:

LA CV14 06609-PSG-(VBKx)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? ➡ | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a). **IDENTICAL CASES:**  Has this action been previously filed **in this court?**      ☒ NO      ☐ YES

If yes, list case number(s): _____

IX(b). **RELATED CASES:**  Is this case related (as defined below) to any cases previously filed **in this court?**      ☒ NO      ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:  (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _Mark A. Neubauer_      DATE: August 21, 2014

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com